# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | No. 2:99-cr-79-DBH-04 |
| | ) | |
| PAUL W. MOUNTS, | ) | |
| | ) | |
| DEFENDANT | ) | |

## ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE

The defendant's motion to reduce sentence is **DENIED**.

Regardless of whether <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013), can be applied retroactively, it does not help this defendant. He was sentenced in 2000 to the statutory maximum sentence, not the minimum sentence. His Guideline range was actually higher but, because of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), Judge Carter concluded that his sentence was capped at 20 years. No statutory mandatory minimum was applied and thus <u>Alleyne</u> is of no help to this defendant. He also cites <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013), and <u>United States v. Blewett</u>, 2013 WL 2121945 (6th Cir. May 17, 2013), but neither affects his sentence. <u>Descamps</u> addressed the unrelated question of what constitutes a "violent felony" under the Armed Career Criminal Act. <u>Blewett</u> held that defendants who received mandatory minimum sentences prior to the Fair Sentencing Act of 2010 were entitled to resentencing

in accordance with the new statutory thresholds.  Once again, Mounts did not receive a statutory mandatory minimum and thus is not entitled to relief.

**SO ORDERED.**

**DATED THIS 29TH DAY OF JULY, 2013**

/s/D. Brock Hornby  
**D. BROCK HORNBY**  
**UNITED STATES DISTRICT JUDGE**
